***NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER***

**Electronically Filed
Supreme Court
SCWC-12-0000902
04-MAR-2016
08:17 AM**

SCWC-12-0000902

IN THE SUPREME COURT OF THE STATE OF HAWAIʻI

STATE OF HAWAIʻI,
Respondent/Plaintiff-Appellee,

vs.

DERRICK Y. SHIGEMURA,
Petitioner/Defendant-Appellant.

CERTIORARI TO THE INTERMEDIATE COURT OF APPEALS
(CAAP-12-0000902; CASE NO. 1DTA-11-05369)

SUMMARY DISPOSITION ORDER
(By: McKenna, Pollack, and Wilson, JJ.,
with Wilson, J., concurring separately,
and Nakayama, J., dissenting,
with whom Recktenwald, C.J., joins)

Petitioner/Defendant-Appellant Derrick Y. Shigemura

seeks review of the Intermediate Court of Appeals' (ICA) July

16, 2014 Judgment on Appeal, entered pursuant to its May 28,

2014 Summary Disposition Order, which affirmed the District

Court of the First Circuit's (district court) October 2, 2012

Notice of Entry of Judgment and/or Order and Plea/Judgment

(district court judgment).[1]  The district court found Shigemura

guilty of Operating a Vehicle Under the Influence of an

Intoxicant (OVUII), in violation of Hawai'i Revised Statutes

(HRS) § 291E-61(a)(3) (Supp. 2010).[2]  This court accepted

Shigemura's Application for Writ of Certiorari, and we now

vacate the ICA's Judgment on Appeal and the district court

judgment and remand the case to the district court for further

proceedings.

After being arrested for OVUII, Shigemura was taken to

the police station, where he was read an implied consent form.[3]

---

[1]     The Honorable Clarence A. Pacarro presided.

[2]     HRS § 291E-61(a)(3) (Supp. 2010) provides in relevant part:

(a)   A person commits the offense of operating a vehicle under
      the influence of an intoxicant if the person operates or
      assumes actual physical control of a vehicle:

. . .

     (3)   With .08 or more grams of alcohol per two hundred ten
liters of breath. . . .

[3]     The form read in relevant part:

1. ___   Any person who operates a vehicle upon a public way,
         street, road, or highway or on or in the waters of the State
         shall be deemed to have given consent to a test or tests for
         the purpose of determining alcohol concentration or drug
         content of the persons [sic] breath, blood or urine as
         applicable.

2. ___   You are not entitled to an attorney before you submit to
         any tests [sic] or tests to determine your alcohol and/or drug
         content.

3. ___   You may refuse to submit to a breath or blood test, or
         both for the purpose of determining alcohol concentration
         and/or blood or urine test, or both for the purpose of
         determining drug content, none shall be given [sic], except as
         provided in section 291E-21.  However, if you refuse to submit

2

Shigemura elected to take a breath test, which resulted in a breath alcohol content reading of 0.105 grams of alcohol per 210 liters of breath. In his motion to suppress the breath test results before the district court and on certiorari, Shigemura contends that (1) his Miranda rights under Article I, Section 10 of the Hawai'i Constitution were violated when, while in custody, he was asked by the police, without Miranda warnings, if he wanted to refuse to take a blood alcohol test, which was likely to incriminate himself; (2) his statutory right to an attorney was violated; and (3) the wording of the implied consent form misinformed Shigemura of the sanctions.[4] Shigemura also noted in his Application that this court had accepted certiorari in State v. Won, SCWC-12-858, and he contended that the court's ruling in Won would "ultimately decide what happens in the present case."

In State v. Won, 136 Hawai'i 292, 312, 361 P.3d 1195, 1215 (2015), we held that "coercion engendered by the Implied Consent Form runs afoul of the constitutional mandate that waiver of a constitutional right may only be the result of a

_____

to a breath, blood, or urine test, you shall be subject to up to thirty days imprisonment and/or fine up to $1,000 or the sanctions of 291E-65, if applicable. In addition, you shall also be subject to the procedures and sanctions under chapter 291E, part III.

[4]     Included in this third argument raised before the district court, Shigemura contended that the police officers' warnings and advisements based on the implied consent form were coercive and that he did not knowingly and voluntarily submit to the breath alcohol testing. The district court denied his motion to suppress, and the ICA affirmed the district court's ruling.

free and unconstrained choice," and, thus, a defendant's decision to submit to testing after being read the implied consent form "is invalid as a waiver of his right not to be searched."  In accordance with State v. Won, the result of Shigemura's breath test was the product of a warrantless search, and the ICA erred by concluding that the district court properly denied Shigemura's motion to suppress the breath test result.  Accordingly, Shigemura's OVUII conviction cannot be upheld.

IT IS HEREBY ORDERED that the ICA's July 16, 2014 Judgment on Appeal and the district court judgment are vacated, and the case is remanded to the district court for further proceedings consistent with this court's opinion in State v. Won.

DATED:  Honolulu, Hawai'i, March 4, 2016.

Jonathan Burge
for petitioner

/s/ Sabrina S. McKenna

/s/ Richard W. Pollack

Brian R. Vincent
for respondent

/s/ Michael D. Wilson

